UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANNE WEGMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:20-CV-00704 JAR |
| | ) |
| ETHICON, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration of this Court's Memorandum and Order on Defendants' Motion for Summary Judgment, [Doc. No. 89]. (Doc. No. 92). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

The background of this case is set out in detail in the Court's September 30, 2020 Order. Briefly, the case was transferred to this Court in May 2020 from multi-district litigation ("MDL") in the United States District Court for the Southern District of West Virginia. In re Ethicon, Inc. Pelvic Repair Systems Products Liability Litigation, No. 2:12-MD-2327 (S.D. W.Va.). The MDL involves claims of harm resulting from implantation of various polypropylene-based mesh products, including tension-free vaginal tape ("TVT"). Plaintiff underwent implantation of Ethicon's TVT Retropubic Support System in May 2003 for treatment of stress urinary incontinence ("SUI"). Within one year of implantation, she began

experiencing recurrent urinary tract infections ("UTIs") and symptoms of urgency, frequency, dysuria and pain. In February 2015, Plaintiff underwent surgery to remove the TVT.

Plaintiff filed a short-form complaint against Ethicon in the MDL alleging claims of negligence, strict liability, fraud, breach of express and implied warranties, and unjust enrichment. In August 2019, Ethicon moved for summary judgment on all of Plaintiff's claims. The motion was fully briefed and pending when Plaintiff's case was transferred to this Court in May 2020. On September 30, 2020, this Court entered its Memorandum and Order granting Ethicon's motion in part and denying it in part. (Doc. No. 89). In particular, the Court granted Ethicon's motion with respect to Counts XII (breach of implied warranty) and XV (unjust enrichment), deeming them abandoned because Plaintiff failed to oppose the motion with respect to those claims. (Id. at 22-24).

Plaintiff seeks reconsideration of the Court's order dismissing her claims for breach of implied warranty and unjust enrichment. She admits failing to address Ethicon's arguments regarding these claims in her response, but asserts she "did not have a fair opportunity to argue against Defendants' challenges to these claims previously[]" because her counsel was purportedly unable to respond to all of Ethicon's arguments without exceeding the 20-page limitation applicable to her response. (Doc. No. 93 at 1-2). Plaintiff contends she was "unable" to request leave to file an overlength brief to respond to Ethicon's challenges to her claims for breach of warranty and unjust enrichment because her counsel was responsible for 26 cases in the same wave of the MDL and only had 14 days to "respond to a large number of dispositive and Daubert motions[.]" (Id. at 2, 5). Plaintiff contends that "[s]ufficient facts exist" to submit

2

her claims for breach of implied warranty and unjust enrichment to the jury, and that it would be "manifestly unjust" to preclude her from presenting these claims. (Id. at 6).

**Legal standard**

A district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." K.C. 1986 Ltd. P'ship v. Reade Mfg., 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotation marks and citation omitted). And although the Federal Rules of Civil Procedure do not expressly provide for motions to reconsider, Rule 54(b) encompasses the power to revise an interlocutory order any time prior to the entry of final judgment. Specifically, Rule 54(b) states that:

> [A]ny order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

" 'The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil [P]rocedure 60(b).' " Painters Dist. Council No. 58 v. RDB Universal Servs., LLC, No. 4:14-CV-01812 (ERW), 2016 WL 4368098, at *2 (E.D. Mo. Aug. 16, 2016) (quoting Wells' Dairy, Inc. v. Travelers Indem. Co. of Ill., 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004)). Furthermore, the provision affords district courts "substantial discretion" to reconsider prior interlocutory orders. Robinson Mech. Contractors Inc. v. PTC Grp. Holding Corp., No. 1:15-CV-77 (SNLJ), 2017 WL 386541, at *2 (E.D. Mo. Jan. 27, 2017).

Under Rule 54(b), a court may reconsider an interlocutory order to " 'correct any clearly or manifestly erroneous findings of fact or conclusions of law.' " Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada, No. 4:00-CV-1073 (CEJ), 2011 WL 1599550, at *1 (E.D. Mo. Apr. 27, 2011) (quoting Jones v. Casey's Gen. Stores, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)); see Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988). In particular, a motion to reconsider may be granted if the earlier decision " '(1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a 'controlling or significant change in law' since the issues were submitted to the Court.' " Trickey v. Kaman Indus. Techs. Corp., No. 1:09-CV-00026-SNLJ, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011) (quoting Westinghouse Elec. Co. v. United States, No. 4:03-CV-861, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009)).

A motion to reconsider under Rule 54(b), however, is "not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." Julianello v. K-V-Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015). Finally, "when evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." Trickey, 2011 WL 2118578, at *2 (citing Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co., No. 3:09-CV-5078 (DGK), 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)).

**Discussion**

In support of her motion for reconsideration, Plaintiff argues she did not explicitly abandon her claims for breach of implied warranty and unjust enrichment. Rather, she asserts she

4

was unable to respond to Ethicon's challenges to her claims without violating the 20-page limitation on supporting memoranda set forth by the MDL Court's Local Rule Civ P 7.1. (Doc. No. 93-1 at 3). She contends that Ethicon would have likely moved, as they have in other cases, to strike an overlength brief if this limitation was violated, and that due to her counsel's caseload and time constraints, she was unable to request leave to exceed the page limitation. Plaintiff further argues that even in cases where a summary judgment motion is unopposed, the district court must still determine whether the moving party is entitled to judgment as a matter of law, citing Lowry v. Powerscreen USB, Inc., 72 F. Supp. 2d 1061 (E.D. 1999). (Doc. No. 93 at 4-5).

Ethicon responds that Plaintiff's motion should be denied because the Court's order is not "clearly erroneous" (Doc. No. 94 at 4-6) and because a party may not create a genuine dispute of material fact with facts introduced for the first time in a motion for consideration (id. at 6-9). The Court agrees with Ethicon.

First, unlike in cases like Lowry, where plaintiff failed to respond to defendant's motion in its entirety, the Eighth Circuit has recognized that the failure to oppose a basis for summary judgment constitutes a waiver of that argument. Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees, 558 F.3d 731, 735 (8th Cir. 2009); see also Paskert v. Kemna-ASA Auto Plaza, Inc., 950 F.3d 535, 540 (8th Cir. 2020). Likewise, district courts have repeatedly held that when a non-moving party fails to respond to a motion for summary judgment with respect to certain claims or arguments, that party is deemed to have abandoned the claims and waived the arguments. See, e.g., Katoch v. Mediq/PRN Life Support Servs., Inc., No. 4:04-CV-938 CAS, 2006 WL 516843, at *15 (E.D. Mo. Mar. 2, 2006) (citing Cornice v. Terry, No. 97-3460 (8th Cir. May 19, 1999) (unpublished per curiam) (where the nonmoving party did not mention a

5

claim in response to the motion for summary judgment and failed to provide support for it at an evidentiary hearing, the claim was abandoned); United States v. NHC Health Care Corp., 163 F. Supp.2d 1051, 1058-59 (W.D. Mo. 2001) (finding that plaintiff abandoned certain claims by failing to address them in response to defendant's motion for summary judgment).

Second, Plaintiff has failed to meet her burden of demonstrating any genuine dispute of material fact that would preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). She argues the summary judgment record "should be sufficient to establish disputed material facts for the jury to consider" (Doc. No. 93 at 5); however, it is not this Court's responsibility "to sift through the record to see if, perhaps, there was an issue of fact …" Satcher, 558 F. 3d at 734.

Lastly, Plaintiff has failed to show good cause for the Court to excuse her failure to timely present her arguments or to even seek leave to exceed the page limitation in the MDL Court. Plaintiff's counsel claims he had a heavy case load related to the MDL and limited time in which to respond to numerous dispositive motions and Daubert motions filed in the Wave 11 cases. Regardless, Ethicon's motion for summary judgment had been fully briefed for several months. Plaintiff had ample opportunity to request leave to file an amended response, and yet took no action – either in the MDL Court or in this Court upon transfer. See Kelly v. Ethicon, Inc., No. 20-CV-2036-CJW-MAR, 2020 WL 6120155, at *4 (N.D. Iowa Oct. 16, 2020) (finding "[c]ounsel's personal workload is no excuse" and "having other cases to juggle is not good cause" for granting leave to take a deposition after the close of discovery). Plaintiff could have revised her response to address all of Ethicon's arguments. Instead, as Ethicon asserts, she chose to focus on certain of Ethicon's grounds for dismissal and ignore others.

Moreover, it appears that Plaintiff is using her motion as a way to assert new facts and legal arguments that could have, and should have been raised in her response. Motions for reconsideration cannot be used to introduce new evidence that could have been produced while the summary judgment motion was pending. <u>Chism v. W.R. Grace & Co.</u>, 158 F.3d 988, 992 n.4 (8th Cir. 1998).

**Conclusion**

The Court is well within its authority to reconsider an interlocutory ruling before entering final judgment in this case. However, Plaintiff has not given this Court any persuasive reason to do so. Plaintiff has failed to establish that she did not have a fair opportunity to argue the matter previously, and that granting the motion is necessary to correct a significant error.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [92] is **DENIED.**

Dated this 12th day of November, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**